UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MARCELINO MALABANAN,** | : | Honorable Madeline Cox Arleo |
| Plaintiff, | : | Civil Action No. 11-3629 (SDW) |
| v. | : | |
| **BIO-REFERENCE LABORATORIES, INC.,** | : | <u>REPORT AND RECOMMENDATION</u> |
| Defendant. | : | |

## BACKGROUND

On May 20, 2011, plaintiff, Marcelino Malabanan ("plaintiff") filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County.  On June 23, 2011, defendant Bio-Reference Laboratories, Inc. ("defendant") removed the action.  On July 14, 2011, defendant filed an Answer to the Complaint.

On July 20, 2011, the Court entered an Order, scheduling an initial conference for September 7, 2011.  The July 20th Order directed the parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26.  Additionally, the Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

On September 7, 2011, counsel for both plaintiff and defendant appeared at the conference. On September 9, 2011, the Court entered a Scheduling Order ("Scheduling Order"), which set forth, among other things, deadlines for completing fact and expert discovery.  Specifically, the Scheduling Order required that parties serve interrogatories by September 21, 2012, and respond within 30 days of receipt.  Additionally, the Scheduling Order scheduled a telephone status conference for

December 7, 2011.  The Scheduling Order further emphasized that failure to comply with the order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On December 7, 2011, counsel for both parties participated in the telephone status conference.  On December 8, 2011, this Court issued an Order directing plaintiff to provide interrogatory answers by January 21, 2012, or otherwise be subject to sanctions.  A telephone status conference was scheduled for February 8, 2012.

In his letter of January 24, 2012, defense counsel advised the Court that plaintiff had not provided answers to written discovery as directed by the Court in its December 8th Order.  As such, defense counsel requested permission to file a motion to dismiss the action pursuant to Fed. R. Civ. P. 37(d).

On February 6, 2012, attorney Paula Dillon, on behalf of Krumholz Dillon, P.A., filed a motion to withdraw as plaintiff's counsel.  The motion was based on plaintiff's failure to communicate with counsel, respond to discovery, or otherwise cooperate with prosecuting his claims.  Ms. Dillon also advised that plaintiff has failed to provide her firm with his current mailing address.  In November 2011, plaintiff's counsel sent correspondence to him by certified mail, which was returned as unclaimed.  Ms. Dillon unsuccessfully searched for an alternative address for plaintiff.  On February 7, 2012, this Court adjourned the February 8th telephone status conference pending the outcome of the motion to withdraw.

On February 9, 2012, this Court issued an Order, granting Ms. Dillon's motion and directing her to provide plaintiff with a copy of the Order.  The Order directed plaintiff to have new counsel enter an appearance on his behalf by March 20, 2012.  If new counsel was not secured by that date, plaintiff would be deemed to be proceeding on a pro se basis and thus required to attend all court

appearances.  The Order also scheduled an in person status conference for March 21, 2012.  The Order highlighted that failure to attend the conference would result in sanctions.

Out of an abundance of caution, this Court sent a copy of the February 9th Order to plaintiff by regular and certified mail/return receipt requested.[1]  On or about March 7, 2012, the mailed copy of the Order was returned as undeliverable to plaintiff.  On or about March 9, 2012, the Court received an unexecuted receipt card.

On March 21, 2012, plaintiff did not appear at the conference[2]  On March 22, 2012, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of plaintiff's failure to attend the Court ordered March 21, 2012 Conference.  The Order to Show Cause was returnable on April 16, 2012.  Plaintiff was directed to file any written submissions with the Court by April 12, 2012.  The Court sent a copy of the March 21st Order to plaintiff at the same address in Hillside, New Jersey by regular and certified mail/return receipt requested.  The certified mail was returned unexecuted.

In a letter dated March 30, 2012, plaintiff's former counsel, attorney Mr. Alan Krumholz, of Krumholz Dillon, P.A., advised this Court that plaintiff may be out of the country.  On April 3, 2012, this Court entered an Order, reminding Mr. Krumholz that his firm was relieved as counsel for plaintiff.  As such, the Court advised him that his firm is no longer counsel of record and should not file documents on behalf of plaintiff.

Before the April 16, 2012 Order to Show Cause hearing, plaintiff did not file any written

---

[1] Consistent with the address for plaintiff set forth on the official docket, this Court mailed a copy of the March 22nd Order to Marcelino Malabanan, at "19 Warwick Road, Hillside, NJ 07205."

[2] Ms. Dillon appeared on behalf of the plaintiff, despite her withdrawal from the case.

submissions. No party or counsel appeared on behalf of plaintiff at the April 16th Order to Show Cause hearing or has since contacted this Court.

## DISCUSSION

Plaintiff's failures to prosecute this action and to comply with his discovery obligations and this Court's orders require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

   1.   The Extent of the Party's Personal Responsibility

Aside from filing a Complaint, Plaintiff has demonstrated an unwillingness to prosecute this action. He conducted no discovery, failed to respond to defendant's requests for written discovery, and failed to respond to efforts by his counsel to contact him. Furthermore, Plaintiff has failed to comply with this Court's Orders of September 9, 2011; December 8, 2011; February 9, 2012; and March 22, 2012, which included, among other things, deadlines for responding to written discovery and orders to appear at in person conferences. Plaintiff's counsel withdrew from this matter because they were unable to locate their client, despite several attempts to contact him. Following the Court's Order relieving Ms. Dillon and her firm as counsel for plaintiff, the Court afforded plaintiff

more than 30 days to retain new counsel or appear before the Court on a pro se basis. Instead, plaintiff chose not to appear before this Court on February 9, 2012 and March 22, 2012, as directed. In addition, plaintiff failed to provide this Court with his correct address, despite his obligation to do so pursuant to L. Civ. R. 10.1(a).

This Court finds that plaintiff is personally responsible for his failures to comply with the orders of this Court. Additionally, his failures to appear for court conferences, conduct discovery, or otherwise communicate with the Court and his own counsel, demonstrate his personal lack of responsibility in prosecuting his claim. Accordingly, such conduct weighs in favor of dismissal.

Plaintiff is not exempt from responsibility for failure to abide by Court orders simply because he is treated as a pro se litigant. "[A]ll litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).

2. Prejudice to the Adversary

Plaintiff's repeated failures to comply with his discovery obligations or communicate with his former counsel or this Court make it impossible to determine his interest in pursuing this action; for discovery to proceed; for dispositive motions to be filed; and for this matter to be adjudicated on the merits. The inability to proceed requires this Court to find that defendant has been prejudiced by plaintiff's failure to prosecute this action or to comply with his discovery obligations and the pertinent Local Civil Rules.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court

explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Based on plaintiff's decision to disregard court orders and to thwart the discovery process, defendant is incapable of defending against plaintiff's claim. Despite numerous Orders from this Court, plaintiff has not attended court appearances or provided discovery. I am satisfied that defendant has been prejudiced by plaintiff's failure to prosecute this case and comply with the Court's orders. Plaintiff's inaction in this matter weighs in favor of dismissal.

    3.    A History of Dilatoriness

Plaintiff's actions in this matter indicate a history of non-compliance. As noted above, plaintiff has repeatedly failed to comply with discovery obligations and court orders. His former attorneys made several attempts to locate plaintiff so that he could provide answers to interrogatories and allow the parties to complete discovery. Plaintiff disregarded his responsibility to advise his counsel, and subsequently his adversary and this Court, once he became pro se, of his current address. Plaintiff neither responded to the interrogatories propounded, attempted to communicate with this Court, nor appeared for court conferences following the withdrawal of his attorneys on February 9, 2012. Furthermore, plaintiff never contacted the Court with his current address so that the Court could effectively manage the case and allow the parties to complete discovery, engage in

dispositive motion practice and/or proceed to trial. Finally, plaintiff has not made any attempt to explain his failures to comply with any of his obligations in this case.

Poulis makes clear that "[time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Plaintiff has ignored court Orders and discovery related deadlines, and has failed to appear at the conference on February 8, 2012 (resulting in an Order To Show Cause) and the hearing on March 22, 2012. Despite court orders and deadlines, discovery remains outstanding. Therefore, this factor weighs in favor of dismissal.

4.    Whether the Attorney's Conduct was Willful or in Bad Faith

The fourth Poulis factor is not applicable here because plaintiff is appearing as a pro se litigant. Yet, plaintiff has not provided this Court with any justification for his non-compliance throughout this case. Indeed, plaintiff made no attempt to contact this Court after the withdrawal of his attorney on February 9, 2012. The absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[Nso excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). Based on plaintiff's noncompliance, this Court finds that plaintiff has made a willful decision not to litigate this action, as demonstrated by his pattern of refusing to engage in discovery and his failure to comply with Court orders.

5.    Alternative Sanctions

There are no alternative sanctions that would be appropriate here. Plaintiff has demonstrated a distinct lack of desire to prosecute this action.

      6.      <u>Meritoriousness of the Claim</u>

As set forth above, plaintiff has failed to answer defendant's interrogatories, to appear at court ordered conferences, or otherwise prosecute this action. This Court cannot determine whether plaintiff can prove his claim at trial merely based upon a review of the pleadings.

A balancing of the <u>Poulis</u> factors weighs in favor of dismissing this action with prejudice. Not all of the <u>Poulis</u> factors need to be satisfied in order to enter a dismissal. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, plaintiff has failed to prosecute this action; comply with his discovery obligations; provide this Court with his current address, pursuant to L. Civ. R. 10.1(a); or otherwise comply with orders of this Court. As such, discovery cannot proceed, a final pretrial conference cannot be scheduled, and dispositive motions cannot be filed. Therefore, the sanction of dismissal is warranted here.

## CONCLUSION

For the reasons set forth above, I recommend that plaintiff's Complaint (Dkt. No. 1-1) be dismissed with prejudice.

                                Respectfully submitted,

                                <u>*s/Madeline Cox Arleo*</u>
                                MADELINE COX ARLEO
                                United States Magistrate Judge

Dated: May 21, 2012

Orig.: Clerk of the Court
cc:    Hon. Susan D. Wigenton, U.S.D.J.
        All Parties by Regular and Certified Mail/R.R.R.
        File